# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| VALERIE IOLA LAURENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV NO. 2004-0024 |
| ) | |
| LES BROWN LEE, Secretary of the Army, ) | |
| THE NATIONAL GUARD BUREAU, THE ) | |
| VIRGIN ISLANDS ARMY NATIONAL ) | |
| GUARD, and ALPHONSO ROMNEY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **MEMORANDUM OPINION**

Finch, J.

THIS MATTER comes before the Court on the Motions to Dismiss Complaint filed by Defendant Alphonso Romney and Defendant Virgin Islands Army National Guard [hereinafter "VIANG"]. Plaintiff Valerie Laurent opposes such motions.

Laurent's Amended Complaint charges six counts: (1) sexual harassment under Title VII and the Virgin Islands civil rights statute, 10 V.I.C. § 64; (2) negligent supervision; (3) emotional distress; (4) retaliation; (5) breach of contract and the covenant of good faith and fair dealing; and (6) battery.

Romney moves to dismiss for lack of subject matter jurisdiction and for insufficiency of service of process. VIANG also moves to dismiss for insufficiency of service of process. VIANG raises the substantive challenges that because Laurent is a federal employee VIANG cannot be held liable under Title VII or 10 V.I.C. § 64, for breach of contract, or for breach of the covenant of good faith and fair dealing. VIANG also contends that that the Laurent's claims of negligent supervision, emotional distress and battery are barred by the statute of limitations, 5

V.I.C. § 31, as well as failure to comply with the Virgin Islands Torts Claims Act, 33 V.I.C. § 3408-3416.  Finally, VIANG submits that the parties settled their differences long before Laurent sued VIANG.

I.      **Subject Matter Jurisdiction**

Laurent sues for sexual harassment pursuant to Title VII, 42 U.S.C. § 2000e-16.  When a plaintiff files a non-frivolous claim for violation of a federal statute, the Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331.  Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1281 (3d Cir. 1993).  The Court has subject matter jurisdiction even if the Title VII claim is nonjusticiable, which is a separate and distinct question.  See Baker v. Carr, 369 U.S. 186, 198-99 (1962) (distinguishing subject matter jurisdiction from whether claim is justiciable).  Thus, the Court has subject matter jurisdiction over this action.

II.     **Service of Process**

The allegations in Laurent's Amended Complaint pertain to events that allegedly occurred in January 2002.  Laurent filed her Complaint on March 18, 2004.  On September 1, 2004, the Magistrate Judge reminded Laurent that "Rule 4(m) Fed. R. Civ. P. provides that service of the Summons and Complaint be made within 120 days" and required her to file her proof of service by October 1, 2004.  In early October, Lauren served her Amended Complaint on the Governor of the Virgin Islands, the Secretary of the Army, the Attorney General of the United States, and the United States Attorney for the Virgin Islands.  On November 5, 2004, the Attorney General of the Virgin Islands entered an appearance on behalf of VIANG and Romney.  On December 8, 2004, VIANG and the Secretary of the Army answered the Complaint.  On

January 5, 2005, Laurent filed proof of service for the parties she had served in early October 2004.  On February 8, 2005, the Magistrate Judge noted that Laurent had not provided proof of service on Romney and required that "on or before February 25, Plaintiff show cause why this matter should not be dismissed without prejudice as provided in Rule 4(m)."   Romney concedes that he was served "on or about  March 3, 2006," almost two years after Laurent filed her Complaint.  However, it does not appear that Laurent has ever filed her proof of service on Romney in accordance with the Magistrate Judge's Orders as well as Rule 4(l) of the Federal Rules of Civil Procedure.

>Rule 4(m) of the Federal Rules of Civil Procedure states:

> (m) Time Limit for Service.  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Laurent argues that she had good cause for not serving Romney within the 120-day period in that her counsel was under the misapprehension that Romney was serving with the National Guard overseas.  She also states that the Court can infer that Romney knew of this action since November 5, 2004 when the Attorney General appeared on his behalf and that, therefore, Romney had actual notice before the expiration of the statute of limitations.  Laurent contends that VIANG has waived the defense of insufficiency of service of process by filing its first responsive pleading more than 20 days after being served with the Complaint.

> A.   <u>Insufficiency of Service of Process on Romney</u>
>> "Half-hearted" efforts by counsel to effect service of process prior to the

> deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run.  Furthermore, when a delay is the result of inadvertance of counsel, it need not be excused.  Similarly, when there is a lack of diligent effort to ensure timely service of process, an extension of the time for service may be refused.

Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3d Cir. 1987) (citations omitted).

Laurent has failed to show that she had good cause for not serving Romney within 120-days.  She never moved the Court for an extension of time to effect service.  Even if Laurent's counsel was under the mistaken belief that Romney was overseas when the action was filed, there is no evidence that counsel took any steps over the ensuing two years to determine whether Romney had returned home.  Moreover, the Magistrate Judge brought the issue of service of process to Laurent's attention more than once after suit was filed.

Laurent's argument that the Court should excuse her failure to timely serve Romney to avoid a statute of limitations bar is equally unavailing.  Romney's most recent alleged tortious conduct occurred on January 3, 2002.  The time for bringing a claim in tort against Romney expired on January 3, 2004.  See 5 V.I.C. § 31(5)(A).  Thus, even if Romney had notice on November 5, 2004, such notice would not have been received within the statute of limitations period.  Therefore, those cases, such as Boley v. Kaymark, 123 F.3d 756, 759-59 (3d Cir. 1997), "treating the running of the statute of limitations as a factor favoring the plaintiff," are inapposite.

### B. Insufficiency of Service of Process on VIANG

Rule 12(h) of the Federal Rules of Civil Procedure addresses waiver of defenses.  It provides that "a defense of . . . insufficiency of service of process . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading."  VIANG raised the

defense of insufficiency of service of process in its Answer and in its motion to dismiss which it filed a few days later.  Thus, VIANG did not waive its defense under the express terms of Rule 12(h).

Laurent insists, without citing to any supporting authority, that although she never sought entry of default against VIANG, VIANG waived its defense of insufficiency of service of process by not filing its Answer within the 20-day period for filing a responsive pleading prescribed by Rule 12(a)(1)(A).

Although the Third Circuit Court of Appeal has not addressed this issue, the trend among among district courts within the Third Circuit is to consider the court to have discretion to allow an untimely response in the absence of a motion for default judgment.  Breland v. ATC Vancom, Inc., 212 F.R.D. 475, 476-77 (E.D. Pa. 2002) (collecting cases).  In Kampf v. Heinecke, 1995 WL 262526, *1 (E.D. Pa., Apr. 28, 1995), the Court deemed defendants' defenses timely even though defendants' first response to the complaint, which incorporated such defenses, was filed 62 days after service was made.

Although VIANG's Answer was not filed until about 60 days after it was served, applying this liberal interpretation, the Court finds VIANG's defense of insufficiency of service of process to be timely.  VIANG was not served with process until more than 120 days after the Complaint was filed.  Laurent does not assert that she had any good cause for not serving VIANG sooner.  Indeed, Laurent even missed the deadline that the Magistrate Judge set for filing her proof of service.  Thus, Laurent's service of process on VIANG was insufficient.

**III.     Conclusion**

Romney and VIANG have raised various grounds upon which they submit that the Court should dismiss Laurent's Amended Complaint against them. The Court finds that both Defendants have prevailed on the defense of insufficiency of service of process in that Laurent failed to effect service in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. Thus, the Court does not reach the merits of the Defendants' remaining defenses. Laurent's Amended Complaint is dismissed without prejudice as against Romney and VIANG, only, for insufficiency of service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

**ENTER:**

**DATED:**     October 15, 2007              _____/**s**/_____
                                             RAYMOND L. FINCH
                                             DISTRICT JUDGE