NOT PRECEDENTIAL – NOT FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| VALERIE LAURENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV NO. 2004-0024 |
| ) | |
| PETE GEREN, SECRETARY OF THE ) | |
| ARMY and THE NATIONAL GUARD ) | |
| BUREAU, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **MEMORANDUM OPINION**

Finch, J.

THIS MATTER comes before the Court on a Motion to Dismiss filed by Defendants Pete Geren, Secretary of the Army, and the National Guard Bureau [hereinafter "the NGB"]. Plaintiff Valerie Laurent in her Complaint alleges that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and committed various torts and constitutional violations. Defendants assert that (A) Laurent has failed to state any claims for violation of Title VII; (B) since Laurent served as a National Guard Technician her claims under Title VII are non-justiciable; (C) that she did not meet the prerequisites for filing a retaliation claim under Title VII; (D) that the NGB is not a proper Defendant with regard to her Title VII claims; (E) that Title VII is her exclusive remedy for discrimination; (F) and that her tort claims are not properly before the Court due to her failure to perfect such claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq.

**A.	Title VII Claims Alleged**

Laurent has alleged two types of Title VII claims: (1) hostile work environment sexual harassment; and (2) retaliation:

1.	Hostile Work Environment Sexual Harassment

The elements of a prima facie case of hostile work environment sexual harassment under Title VII are: "(1) the employee suffered intentional discrimination because of [his or her] sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability." Bonnenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997) (quotation omitted).  When management-level employees have actual or constructive knowledge about the existence of a sexually hostile environment and fail to take prompt and adequate remedial action, leading the employee to believe that harassment will be tolerated, the employer can be held liable. Andrews v. City of Philadelphia, 895 F.2d 1469, 1486 (3d Cir. 1990).

Laurent alleges in her Complaint that Sergeant First Class (SFC) Alphonso Romney, a co-worker, sexually harassed and assaulted her when she stopped by his cubicle.  The Complaint states that SFC Romney kissed her neck, rubbed his face on her stomach, and grabbed her breast from behind.  According to Laurent, she subsequently filed a formal complaint, and after investigating, the NGB issued a Final Decision finding that she had been subjected to sexual harassment.  Laurent further claims that prior to his assaulting her, SFC Romney was known to make statements, remarks, and gestures about women, including her, which were explicit, lewd, embarrassing, provocative, or derogatory.  Laurent asserts that the NGB knew or should have

known of SFC Romney's behavior, but tolerated it.  Laurent accuses her supervisors of giving her little cooperation and encouraging her "to toe the line and stop making waves."  The Court finds these allegations sufficient to state a prima facie case of hostile environment sexual harassment.

2.     Retaliation

"[T]o advance a prima facie case of retaliation, a plaintiff must show that: (1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000).  The Sixth Circuit has modified this standard with respect to the second prong in that, plaintiff must show either that the employer took an adverse employment action, or that the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor.  Morris v. Oldham County Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000).

Laurent alleges that Defendants retaliated against her for filing a discrimination complaint.  Laurent claims that when she applied to enroll in classes after this incident, SFC Romney, who was in charge of enrollment, deliberately assigned her to the wrong classes.  This required Laurent to wait a year before becoming eligible for the proper classes.  Laurent asserts that SFC Romney's conduct was motivated by a desire to retaliate against her for filing a complaint against him.  The Court finds that these allegations are sufficient to state a prima facie case of the type of retaliation that is prohibited under Title VII.

B.      **Justiciability of Title VII Claims Against the Secretary of the Army**

Although 42 U.S.C. § 2000e-16 provides the sole avenue for federal employees to sue the federal government for discrimination, 42 U.S.C. § 2000e-16 has been consistently interpreted as providing a cause of action only for civilian employees and not members of the armed forces. Brown v. United States, 227 F.3d 295, 298 (5th Cir. 2000).  National Guard Technicians, pursuant to the National Guard Technicians Act of 1968, 32 U.S.C. § 709, serve in a hybrid position with the dual status of civilian and military employees.  During the time period referenced in Laurent's Complaint, Laurent was a National Guard Technician employed by the Virgin Islands Army National Guard as a Program Assistant in the Combined Support Maintenance Shop.

The Equal Employment Opportunities Commission (EEOC) pursuant to its grant of authority under 42 U.S.C. § 2000d-16(b) issued 29 C.F.R. § 1614.103(d)(1) which provides that Title VII applies to the military departments defined in 5 U.S.C. § 102, the Departments of the Army, the Navy and the Air Force, but not to the uniformed members of such military departments.  Because this regulation "affects individual rights and obligations," Chrysler Corp. v. Brown, 441 U.S. 281 (1979), and is a substantive rule issued by the EEOC under a congressional grant of power, it should be accorded the "force and affect of law," id. at 301-02. Brown, 227 F.3d at 298.

The Fifth Circuit in Brown v. United States, interpreted this EEOC regulation as requiring that "employment discrimination claims by [technicians] . . . be categorized as either arising from their position as a civilian employee of a military department, or their position as a uniformed service member." Id. at 299.  Under the Fifth Circuit's analysis,  "claims arising

4

purely from [a technician's] civilian position are provided for under Title VII; claims that originate from [a technician's] military status, however are not cognizable." Id.

The Fifth Circuit remarked that its interpretation of the applicability of Title VII to technicians did not conflict with a case in which it held that a technician's claim pursuant to 42 U.S.C. § 1983 for loss of his civilian position was not justiciable. Id. at 299, n.4. Title VII, unlike section 1983, requires differentiation between the civilian and military positions associated with a dual status job. Id. Similarly, this Court, in following the Fifth Circuit's analysis of Title VII as it applies to technicians has not taken a path that conflicts with the Third Circuit's reasoning concerning 42 U.S.C. § 1983 as set forth in Jorden v. National Guard Bureau, 799 F.2d 99, 101 (3d Cir. 1986).

The Second Circuit in Luckett v. Bure, 290 F.3d 493, 499 (2d Cir. 2002) agreed with the Fifth Circuit's line of reasoning:

> [W]e determine that Title VII protections extend to discrimination actions brought by military personnel in hybrid jobs entailing both civilian and military aspects except when the challenged conduct is integrally related to the military's unique structure. There may be cases in which dual-status, military-civilian employees allege a justiciable Title VII complaint arising purely from their civilian employment.

The Ninth Circuit in Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998) also rejected the same argument that the federal Defendants make here, that National Guard technicians' Title VII claims are nonjusticiable as a matter of law and concluded that "Title VII applies to Guard technicians except when they challenge personnel actions integrally related to the military's unique structure." Id. (quotation omitted); Contra Leistiko v. Stone, 134 F.3d 817, 821 (6th Cir. 1998) (holding that National Guard technician position is irreducibly military in nature); but cf.

5

Fisher v. Peters, 249 F.3d 433, 441-43 (6th Cir. 2001) (following Leistiko in Title VII case, but after reviewing cases from other Courts of Appeals, considering, arguendo, whether the actions were integrally military or within military sphere).

The Third Circuit has joined its sister courts in holding that National Guard technicians enjoy Title VII protections, but only when their claims arise purely from their civilian positions. Willis v. Roche, 256 Fed Appx. 534, 537 (3d Cir. 2007). Such claims are precluded when they arise in whole or in part out of the military aspects of the technician's job. Id.

Laurent alleges that all of the conduct of which she complains occurred in the course of her civilian duties. Any failure of the Defendants to address such conduct affected Laurent in her capacity as a civilian. Creating a sexually hostile environment is not integrally related to the military's mission. Overton v. New York State Div. of Military and Naval Affairs, 373 F.3d 83, 99 (2d Cir. 2004) (J. Poole, concurring). The Court would not be treading in an area that it does not belong by allowing Laurent to pursue a civil remedy for such sexual harassment.

A technician's claim of retaliation in violation of Title VII is cognizable to the same extent as a technician's claims of discrimination. Title 42 U.S.C. § 2000e-16 makes available to federal employees all the substantive rights available to other employees. See Chandler v. Roudebush, 425 U.S. 840, 864 (1976). Title 42 U.S.C. § 2000e-3(a) provides in pertinent part that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees. . . because he has opposed any practice made an unlawful practice by this subchapter."

Laurent complains that she was denied educational opportunities as a form of retaliation. There is no indication that the type of classes Laurent wanted to attend were of a military nature

6

or were to assist in her performing her military duties.  The Court may question the rationale for preventing Laurent from furthering her education by failing to enroll her in the classes she had chosen without interfering with military decision-making.  See Gregory, 153 F.3d at 1075 (assuming, without deciding, that a technician's retaliation based hostile work environment claim was justiciable under Title VII).

C.     **Prerequisites for Filing Retaliation Claim under Title VII**

Exhaustion of available administrative remedies is a prerequisite to filing a Title VII action in district court.  42 U.S.C. § 2000e-16©.  Laurent failed to exhaust her administrative remedies with the NGB before filing this Complaint to the extent that she alleges retaliation for engaging in protected activity.  See Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996) (finding that although disability discrimination claim was properly before the Court, agency was not put on notice of gender discrimination claim).   Because the NGB was not properly notified of Laurent's retaliation claim, it was not afforded "the opportunity to settle [the] dispute[] through conference, conciliation, and persuasion, avoiding unnecessary action in court."  Id.  Therefore, Laurent's claim that Defendants retaliated against her for engaging in protected activity in violation of Title VII is dismissed.

D.     **Title VII Claims Against the National Guard Bureau**

Laurent brought this action pursuant to title 42 U.S.C. § 2000e-16.  Section 2000e-16 governs actions contesting discriminatory employment practices of the federal government.  It prohibits employment discrimination in the military as defined in 5 U.S.C. § 102, which refers only to the Departments of the Army, the Navy and the Air Force. 42 U.S.C. § 2000e-16(a).

Section 2000e-16(c) authorizes suit against only the head of the department, agency, or unit which engaged in discriminatory conduct. Laurent was a technician with the National Guard. The Secretary of the Army is the head of the department which Laurent claims discriminated against her. Therefore, the Secretary of the Army is the only proper Defendant with respect to Laurent's Title VII allegations of discrimination by the federal government. See Blong v. Secretary of Army, 877 F. Supp. 1494, 1496-97 (D. Kan.1995); James v. Day, 646 F. Supp. 239, 241 (D. Me. 1986). Thus, Laurent's Title VII claims are dismissed as to the National Guard Bureau.

E. **Title VII is the Exclusive Remedy for Discrimination**

As a federal employee, Laurent's exclusive remedy for employment discrimination is provided by Title VII. See Brown v. General Services Administration, 425 U.S. 820, 835 (1976). "Title VII provides federal employees a remedy that precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation." Owens v. United States, 822 F.2d 408, 409-10 (3d Cir. 1987) (quotation omitted). Congress intended section 11 of the Equal Employment Opportunity Act of 1972, codified at 42 U.S.C. § 2000e-16, to be the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Gisen v. Tackman, 537 F.2d 784, 786 (3d Cir. 1976) (en banc). Thus, Laurent's constitutional claims and claims for violation of Virgin Islands civil rights laws are barred.

F. **Tort Claims against the Secretary of the Army and the National Guard Bureau**

Before commencing a tort action against the United States, Laurent was required to

present her tort claims in writing to the NGB.  28 U.S.C. § 2675(a).  This procedure is a jurisdiction prerequisite to suit under the FTCA.  Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995).  The Court interprets Laurent's silence on this issue, raised in Defendants' Motion to Dismiss, as her concession that she did not comply with such prerequisite.  Therefore, the Court dismisses Laurent's tort claims.

**Conclusion**

For the reasons stated, Defendants' Motion to Dismiss is **GRANTED**, except as to Laurent's Title VII claim for hostile work environment sexual harassment against Defendant Secretary of the Army.

ENTER:

DATE:       October 10, 2008                     _____/s/_____
                                                 Honorable Raymond L. Finch
                                                 Senior District Judge